■ SUSAN ST. GERMAIN, Respondent, v. JULES B. ST. GERMAIN, Appellant.— In an action for a judicial separation, the defendant husband appeals as follows from a judgment and orders of the Supreme Court, Queens County: (1) from a judgment, entered July 28, 1964 after a nonjury trial, upon the decision of the court, which granted a separation to plaintiff wife on the ground of nonsupport; awarded her alimony of $90 a week for her support, effective as of October 7, 1963; and allowed her a counsel fee of $3,500; (2) from an order entered September 23, 1964, which denied defendant's motion for a new trial on the ground of newly discovered evidence; and (3) from so much of an order, entered May 21, 1964, as denied his several motions: (a) to vacate plaintiff's statement of readiness; (b) to preclude certain evidence at the trial on the ground of plaintiff's failure to serve a proper bill of particulars; (c) for a pretrial physical and mental examination of plaintiff; and as granted plaintiff's motion to vacate his notice for such examination. Judgment modified on the facts so as to reduce the award of alimony from $90 to $70 a week, and so as to reduce the allowance of counsel fee from $3,500 to $2,500.  As so modified, the judgment is affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings of fact are made as indicated herein.  Order of September 23, 1964 affirmed, without costs.  Order of May 21, 1964, insofar as appealed from, affirmed, without costs.  In our opinion, $90 a week alimony and a $3,500 counsel fee are excessive; on this record, $70 a week alimony and a $2,500 counsel fee are fair and adequate allowances.  We also find on the basis of all the evidence adduced that plaintiff made a bona fide offer to resume living with defendant after he had moved out of the marital home in August, 1963.  In any event, it is our opinion that the underlying basis for such pre-1963 decisions as *Batchelor* v. *Batchelor* (295 N. Y. 544) and *People ex rel.*

*Roosevelt* v. *Roosevelt* (13 A D 2d 334, 337, affd. 11 N Y 2d 873) was the husband's then nonliability for support of a wife who chose to live apart from him; that the enactment of section 236 of the Domestic Relations Law (eff. Sept. 1, 1963) in effect eliminated the husband's nonliability for support on that ground and thus removed the basis for those pre-1963 holdings; that those decisions consequently are no longer binding precedents on the question whether a wife may be entitled to a separation judgment on the ground of nonsupport where she and her husband are living apart by mutual consent; and that now, by reason of the enactment of said section 236, the wife is no longer precluded from obtaining a judgment of separation in her favor for nonsupport, despite their prior consensual separation. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.